

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DIRECTV, INC.,

    Plaintiff,

v.

MICHAEL LANG,

    Defendant.

CIVIL ACTION NO.
03-AR-3180-NE

## MEMORANDUM OPINION

Before the court is the motion of defendant, Michael Lang ("Lang"), to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff, DIRECTV, Inc. ("DIRECTV"), filed its complaint on November 26, 2003. Lang moves to dismiss counts I, II, III, and V.[1]

### Analysis

DIRECTV filed this suit as part of a nationwide litigation campaign to protect its satellite television transmissions against piracy. DIRECTV claims that Lang purchased and used devices enabling him to view DIRECTV programming without authorization by or payment to DIRECTV.

---

[1] One section of Lang's motion to dismiss is mistakenly labeled "Defendant's Motion to Dismiss Count IV." This section of Lang's motion actually deals with Count V, the conversion claim. Count IV was brought pursuant to 47 U.S.C. § 605(e)(4), and Lang makes no mention of this claim in his motion.



*Count I*

Count I of DIRECTV's complaint was brought pursuant to the Federal Communications Act of 1934 ("FCA"). Liability under § 605 of the FCA requires proof that "a defendant has '(1) intercepted or aided interception of, and (2) divulged or published, or aided in the divulging or publishing of, a communication transmitted by the plaintiff.'" *Cal. Satellite Sys. v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (quoting *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981)); *See* 47 U.S.C. § 605. Lang argues that DIRECTV cannot prove that he actually intercepted the signal, and he swears in an affidavit accompanying the 12(b)(6) motion that he never intercepted the signal. This argument would be more appropriate for a Rule 56 motion. At this stage, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citations omitted). DIRECTV alleged in its complaint that Lang "effected unauthorized interception and receipt of Satellite Programming through use of illegal satellite decoding devices...." Compl. ¶ 27. The court finds that DIRECTV has alleged sufficient facts to state a claim upon which relief can be granted. The motion to dismiss as it applies to count I will be denied.

*Counts II and III*

Counts II and III were brought under the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986. 18 U.S.C. §§ 2510-22 (hereinafter "Wiretap Act"). Lang argues that the statutes DIRECTV relies on are criminal statutes and do not provide a basis for relief in a civil context.

Section 2511 provides that any individual who "intentionally intercepts...any wire, oral, or electronic communication..." is subject to criminal prosecution. 18 U.S.C. § 2511(1)(a). Section 2512 provides that any individual who

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications...shall be fined...or imprisoned...or both.

18 U.S.C. § 2512(1)(b). Lang is correct that these statutes are criminal in nature and, standing alone, do not provide relief in the civil context. However, § 2520 provides a private right of action under the Wiretap Act. Section 2520 provides that

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity...which engaged in that violation....

18 U.S.C. § 2520(a).

The issue before this court is whether a plaintiff can bring

3

claims under §§ 2511 and 2512 through § 2520(a). Lang was not able to cite any cases in support of his proposition that a private cause of action does not exist under § 2511.[2] Based on a reading of the statutory language, this court finds that a private right of action exists under § 2511(1)(a). The language used in § 2520 explicitly provides a private right of action for any individual whose electronic communication is *intercepted* in violation of the Wiretap Act. 18 U.S.C. § 2520(a). Section 2511 specifically prohibits *interception* of electronic communications. The statutory language is clear that a private action can be brought under § 2511(1)(a) through § 2520(a).

Whether a private right of action exists under § 2512 is a matter of disagreement among the courts that have considered the issue. *Compare e.g., Flowers v. Tandy Corp.*, 773 F.2d 585, 589 (4th Cir. 1985) (holding that there is not a private right of action under § 2512), *and DIRECTV, Inc. v. Cardona*, 275 F.Supp.2d 1357, 1367 (M.D. Fla. 2003) (same), *with Oceanic Cablevision,*

---

[2] Lang cited four cases none of which disprove the proposition that a private action exists under § 2511. *See Oceanic Cablevision, Inc. v. M.D. Elecs.*, 771 F.Supp. 1019, 1027 (D. Neb. 1991); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077 (C.D. Cal. 2002); *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158 (5th Cir. 2000); *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985). It should be noted that *Peavy* did say that § 2520 does not support a private cause of action under § 2511 when the plaintiff alleges that the defendant "procured" another individual to intercept an electronic communication. *Peavy*, 221 F.3d at 168-69. That holding is inapplicable here, because DIRECTV alleges that Lang actually intercepted the electronic communication.

4

*Inc. v. M.D. Elecs.*, 771 F.Supp. 1019, 1029 (D. Neb. 1991) (holding that a private right of action does exist under § 2512), and *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084 (C.D. Cal. 2002) (same). The issue has not yet been considered by the Eleventh Circuit.[3]

In the absence of binding precedent, this court must make a decision based on its own reading of the statute. The starting point for interpreting a statute is the language. *In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000). If the language is plain, then the inquiry is over and the court must enforce the statute according to its terms. *Id.*

As previously mentioned, this issue has been addressed by a number of courts with differing results. The only court of appeals to consider the issue is the Fourth Circuit in *Flowers*. *See Flowers*, 773 F.2d at 588-89. In *Flowers,* the plaintiff brought an action against the defendant for selling a device used for intercepting wire communications. *Id.* at 586-87. The plaintiff argued that the defendant violated § 2512 and was civilly liable to the plaintiff through § 2520. *Id.*

The Fourth Circuit rejected the plaintiff's argument, holding that the criminal proscriptions of § 2512 do not provide

---

[3] However, a district court in the Middle District of Florida recently certified the issue to the Eleventh Circuit. *See DIRECTV, Inc. v. Treworgy*, No. 2:03-CV-428-F+M-29SPC (M.D. Fla. Sept. 11, 2003).

for a private right of action through § 2520. *Id.* at 588-89. The *Flowers* court was persuaded by the fact that the language in § 2520 "tracks very closely with criminal offenses set out in § 2511," whereas the language used in § 2512 is markedly different than the language used in § 2520. *Id.* at 589. The *Flowers* court found that the statutory language did not provide for a cause of action under § 2512.[4] *Id.*

DIRECTV argues that the holding in *Flowers* is supplanted by the subsequent amendment of § 2520 in 1986. At the time of *Flowers*, § 2520 read:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall...have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications....

18 U.S.C. § 2520, *amended by* Pub. L. 99-508, Title I, § 103, October 21, 1986. As stated earlier in this opinion, the current version of § 2520 reads:

---

[4] The court also held that a cause of action could not be implied from § 2512. *Flowers*, 773 F.2d at 589. The Fourth Circuit found persuasive that "§ 2512 appears to have been designed for benefitting the public as a whole...." *Id.* On the other hand, § 2511, "which makes criminal the actual practice of wiretapping, is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action for victims of acts made criminal in § 2511." *Id.* Therefore, the *Flowers* court held that "§ 2512 provides by implication no private cause of action against the seller or manufacturer of a device primarily useful for wiretapping." *Id.*

>any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity...which engaged in that violation....

18 U.S.C. § 2520(a).

DIRECTV argues that the former version of § 2520 limited defendants to "any person who intercepts, discloses, or uses...such communications." The amended § 2520, on the other hand, has no such limitation on the class of potential defendants. According to DIRECTV, § 2520 now permits lawsuits against any person who violated *any* portion of the Wiretap Act. See 18 U.S.C. § 2520(a). In other words, DIRECTV argues that § 2520 supports a civil action when the plaintiff alleges interception, disclosure, or use of protected communications pursuant to the language of § 2520(a) AND a violation of any portion of the Wiretap Act, including possession of a prohibited device in violation of § 2512(1)(b).

This court disagrees with DIRECTV's reading of § 2520. A comparison of the former and amended versions § 2520 reveals that the 1986 amendments did not expand the conduct subjecting individuals to civil liability. First, the language of the amended § 2520(a) still limits those against whom a civil action may be maintained to those that intercept, disclose, or use electronic communications in violation of the Wiretap Act. As noted in *Flowers*, the language in § 2520(a) tracks the criminal

7

prohibitions of § 2511 and not § 2512. Section 2512 prohibits the manufacture, assembly, possession, and sale of devices that intercept such electronic communications. See 18 U.S.C. § 2512(1)(b). Second, the phrase "that violation" in the amended § 2520, as a matter of grammar and sentence structure, refers to the interception, disclosure, or use mentioned earlier in the sentence. See *DIRECTV, Inc. v. Bertram*, 2003 WL 23100312, at *2 (D. Minn. Dec. 30, 2003); *DIRECTV, Inc. v. Beecher*, 2003 WL 23094715, at *3 (S.D. Ind. Nov. 7, 2003).

Even if the court were to look beyond the statutory text to the legislative history, the result would be no different. This court's review of the legislative history surrounding the 1986 amendment to § 2520 reveals nothing to indicate that Congress intended to broaden the class of individuals subject to a private lawsuit. To the contrary, the House Report on the 1986 amendments to the Wiretap Act, known as the Electronic Communications Privacy Act of 1986 ("Privacy Act"), suggests that there was no intention to expand the class of those subject to a civil suit. Section 103 of the Privacy Act is the provision that amended § 2520. The House Report explains that § 103 "amends-*largely by recodifying* -the existing section 2520 of title 18 to incorporate violations involving interception, disclosure or willful use of wire, oral or electronic communications." H.R. Rep. No. 99-647, at 50 (1986) (footnote omitted) (emphasis

supplied). This language suggests that the legislature did not intend a substantive change to § 2520 in the 1986 amendments. Rather, the 1986 amendments were simply a rewording of the existing statute. The primary change was the language providing a civil action against those who intercept, disclose, or use *electronic* communications. Previously, only interception of wire and oral communications was covered. The Senate Report on the 1986 amendments also makes no mention of an intention to expand the class of defendants subject to a civil lawsuit. It provides that "Section 103...amends existing section 2520 of title 18 of the United States Code to incorporate violations involving interception, disclosure or intentional use of wire, oral, or electronic communications." S. Rep. No. 99-541, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3580.

Based on the foregoing analysis, this court concludes that the Wiretap Act provides for a private right of action under § 2511(1)(a) through § 2520(a), but does not provide a private right of action under § 2512(1)(b) through § 2520(a). Accordingly, the motion to dismiss will be denied with respect to count II and granted with respect to count III.

### Count V

DIRECTV's conversion claim is governed by Alabama law. To establish a conversion claim in Alabama "a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal

9

use or misuse of another's property, or a wrongful detention or interference with another's property." *Birmingham-Jefferson County Transit Auth. v. Arvan*, 669 So.2d 825, 828 (Ala. 1995). The Alabama Supreme Court has held that intangible property may be the subject of a conversion action. *Nat'l Surety Corp. v. Applied Sys., Inc.*, 418 So.2d 847, 850 (Ala. 1982). DIRECTV argues that Lang's wrongful interception of its satellite transmissions constitutes conversion. Lang argues (1) that the satellite transmissions are not the personal property of DIRECTV and therefore are not subject to conversion, and (2) that the conversion claim is preempted by the Copyright Act.[5]

With regard to the first argument, Lang asserts that DIRECTV's satellite transmissions are analogous to radio frequency transmissions, which belong to the public and are not personal property. Lang cites *McIntire v. Wm. Penn Broad. Co.*, 151 F.2d 597 (3d Cir. 1945), in support of his argument that radio transmissions belong to the public and are not personal property.[6] The *McIntire* court stated that "a radio broadcasting

---

[5] Lang also argues that DIRECTV has not proven that Lang actually intercepted the satellite transmissions. As stated earlier in the opinion, this argument would be more appropriate for a Rule 56 motion. For the purposes of the Rule 12(b)(6) motion, DIRECTV has met its burden by alleging interception of the satellite transmissions.

[6] Lang also cites *WOKO, Inc. v. FCC*, 109 F.2d 665 (D.C. Cir. 1939). *WOKO, Inc.* involves an appeal from a Federal Communications Commission ("FCC") decision. The appeal was taken pursuant to § 402(b)(2) of the Federal Communications Act. 47

station must operate in the public interest and must be deemed to be a 'trustee' for the public." *Id.* at 599. *McIntire* does not speak to the issue of whether radio transmissions may be considered personal property for the purposes of a conversion action.[7]

In this court's view, DIRECTV's satellite transmissions do not belong to the public. DIRECTV had a proprietary interest in the transmissions allegedly intercepted by Lang. *See Quincy Cablesys., Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 848 (D. Mass. 1986). DIRECTV had a right to "possession" of the satellite signals and to transmit them only to paying customers. Assuming the allegations are true, Lang interfered with these rights. Therefore, based on Alabama Supreme Court precedent finding that claims for conversion may be based on intangible property, the court finds that DIRECTV has sufficiently alleged a conversion claim under Alabama law to withstand a Rule 12(b)(6)

---

U.S.C. § 402(b)(2). *Id.* at 666. In *WOKO, Inc.* the court had to determine what allegations are necessary to support an appeal within the terms of § 402(b)(2) of the Federal Communications Act. *Id.* The court stated that an appeal must allege that the FCC decision was contrary to public interest, convenience, or necessity. *Id.* at 668. This holding has no relevance to the instant case.

[7] Even if *McIntire* did address the issue, Lang provides no support for his assertion that radio transmissions are analogous to DIRECTV's satellite transmissions. DIRECTV argues that the two are different. Radio transmissions are for the public's general consumption, while DIRECTV's satellite transmissions are not.

11

attack. *See e.g., Nat'l Surety Corp.*, 418 So.2d at 850; *see also Quincy*, 650 F.Supp. 838, 848 (D. Mass. 1986) (holding that Massachusetts law permits recovery for conversion of satellite signals) ; *Don King Prod./ Kingvision v. Lovato*, 911 F.Supp. 419, 423 (N.D. Cal. 1995)(holding that California law permits recovery for conversion of satellite signals).

Lang also argues that the conversion claim is preempted by the Copyright Act. 17 U.S.C. §§ 101 *et seq*. Section 301 of the Copyright Act sets out a two-part test for determining federal preemption of state law. *See* 17 U.S.C. § 301(a); *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). First, the state law must create rights that fall within the subject matter of copyright as defined by §§ 102 and 103 of the Copyright Act. *Crow*, 720 F.2d at 1225-26; *see* 17 U.S.C. § 301(a). Second, the state law creates rights that "are 'equivalent to' the exclusive rights of section 106." *Crow*, 720 F.2d at 1226; *see* 17 U.S.C. § 301(a). The result of the second part of the test is "that the Act 'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting *Computer Assoc. Int'l, Inc. v. Atlai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). The rights set forth in § 106 of the Copyright Act are the rights of reproduction, performance, distribution, and

12

display. 17 U.S.C. § 106.

DIRECTV only challenges the applicability of the latter part of the two-part test. DIRECTV argues that its conversion action is based only on interception of the satellite signal, which is qualitatively different than any of the rights set forth in § 106. The court finds that interception of the satellite transmissions, in and of itself, does not infringe on the rights of reproduction, performance, distribution, or display set forth in § 106. See 17 U.S.C. § 106. Therefore, the conversion claim is not preempted.

## Conclusion

By separate order, the court will grant Lang's motion with respect to count III of the complaint and deny the motion with respect to counts I, II, and V.

Done this 4th day of February, 2004.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

13